

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CRIMINAL NO. 11-20293

HON. ARTHUR J. TARNOW

-vs-

OFFENSE: 18 U.S.C. § 1954

D-2    WALTER RALPH MABRY,

STATUTORY MAXIMUM PENALTIES:
    Up to 3 years in prison
Defendant.
    Up to $250,000 fine
    Up to 1 year of Supervised Release

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Walter Ralph

Mabry and the government agree as follows:

**1.**    **GUILTY PLEA**

    **A.**    **Count of Conviction**

Defendant will enter a plea of guilty to the sole count of the Superseding Information, which

charges him with agreeing to receive a thing of value while being a trustee and fiduciary of an

employee pension plan because of his actions concerning the operations of the employee pension

plan, in violation of 18 U.S.C. § 1954, and for which the penalty is a maximum of up to three years

imprisonment, a maximum fine of up to $250,000, a special assessment of $100, and up to one year

of supervised release.

    **B.**    **Elements of Offense**

The elements of the offense that the government would need to prove beyond a reasonable

doubt at trial are:

From April 2004 through September 2006, in the Eastern District of Michigan, and elsewhere the defendant did: (1) with respect to an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974; (2) receive, or agree to receive, a kickback, gift, or thing of value; (3) while a trustee and fiduciary of the employee pension benefit plan; (4) because of his actions or decisions relating to matters before the employee pension benefit plan; and (5) the defendant acted knowingly and unlawfully.

### C.    Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

From April 2004 through September 2006, the defendant was the Executive Secretary-Treasurer of the Michigan Regional Council of Carpenters ("MRCC"), a labor union representing carpenters in the state of Michigan. Sometime in or about 1955, the MRCC had sponsored and created a pension fund known as the Carpenters Pension Trust Fund – Detroit and Vicinity. Since at least January 2001 and up through September 2006, the defendant served as the Chairman of the Board of Trustees of the Carpenters Pension Trust Fund. The Carpenters Pension Trust Fund was an employee pension benefit plan subject to the provisions of Title I of ERISA. The MRCC and the Carpenters Pension Trust Fund were both headquartered in the Eastern District of Michigan. Between April 2004 and September 2006, John Orecchio was an executive at AA Capital Partners, an investment manager for the Carpenters Pension Trust Fund who had been retained by the Trustees of the fund. During that same period of time, Joseph Roxlyn Jewett was the President of J&R Ventures, a company that provided consulting services to AA Capital Partners in connection with

- 2 -

the Carpenters Pension Trust Fund's investment in a gambling casino in Biloxi, Mississippi. Between April 2004 and September 2006, the defendant received more than $5,000, but less than $10,000, in hotel and entertainment expenses from Orecchio and Jewett. Orecchio and Jewett paid for the defendant's hotel and entertainment expenses because of the defendant's position and duties in the MRCC and on the Board of Trustees of the Carpenters Pension Trust Fund. The monies paid for the expenses did not come from the MRCC or the pension fund, but came from the personal funds of Jewett and Orecchio or from the funds of J&R Ventures and AA Capital Partners. The MRCC, the Carpenters Pension Trust Fund, and the Millwrights Supplemental Pension Plan did not lose any money as a result of the payment of expenses by Orecchio and Jewett as set forth above. The defendant asserts that he did not regard the payment of his expenses by Orecchio and Jewett as kickbacks, but instead he believed that they were comping his expenses in Las Vegas because of his positions in the MRCC.

**D.      Disputed Sentencing Issue**

Although not necessary to establish the factual basis for a guilty plea to a violation of 18 U.S.C. § 1954, the government further contends, and the defendant denies, that as part of the relevant conduct for the defendant's offense, the defendant agreed to receive from Orecchio and Jewett a $266,000 investment in the Xyience Company because of the defendant's actions in connection with AA Capital Partners and J&R Ventures. The parties acknowledge that the government has the burden of proof in establishing this sentencing factor, and that this issue will have to be resolved at the time of the sentencing hearing in this case.

The parties are in agreement that the defendant did not receive any investment monies or any

- 3 -

consideration from the Xyience Company.

2.    **S**ENTENCING **G**UIDELINES

    **A.**    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    **B.**    **Agreed Guideline Range**

The parties do not agree as to the applicable sentencing guideline range.

The government recommends that the Court determine that the defendant's guideline range is **15 to 21 months (one year and three months to one year and nine months)**, as set forth on the attached worksheets. The defendant recommends that the Court determine that his guideline range is **0 to 6 months**, as set forth on the attached worksheet addendum. The Court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow his recommendation.

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than is recommended by the parties, then the higher guideline range becomes each party's recommended range. However, if the Court finds

that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3.      **S ENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.      **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range, that is, the guideline range found by the Court in resolving the dispute between the parties as described in Paragraph 2B.

B.      **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **1 year**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.      **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.      Fine

The Court may impose a fine on each count of conviction in any amount up to **$250,000**.

### E.      Concurrent Sentence

Pursuant to U.S.S.G. § 5G1.3(c), the government agrees to recommend that the sentence in this case run concurrently to the sentence that the defendant is currently serving in Case No. 04-80977-Friedman as discussed between the counsel of the parties.

## 4.      OTHER CHARGES

If the Court accepts this agreement, the government will not bring additional charges against the defendant based on any of the conduct reflected in the attached worksheets or in anyway connected to the Biloxi casino project or any other matter concerning John Orecchio, AA Capital Partners, Joseph Jewett, or J&R Ventures.

## 5.      Each Party's Right To Withdraw From This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

6.   **WAIVER OF RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence.  If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.   **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, see Paragraph 11, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.   **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made

- 7 -

at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the

government to defendant or to the attorney for defendant at any time before defendant pleads guilty

are binding except to the extent they have been explicitly incorporated into this agreement.

10.     **STANDARD OF PROOF**

The parties recognize that under current Sixth Circuit precedent, the Court can find sentencing

factors by a preponderance of the evidence at a sentencing hearing.  Notwithstanding the provisions

of Paragraphs 1.D. and 2.A., the defendant may seek to challenge sentencing findings by the Court

should this Sixth Circuit precedent be overturned by a decision of the Supreme Court.

11.     **PENSION ISSUES**

As part of this agreement, the Department of Labor--Office of Inspector General shall supply

a written document agreeing that it will not initiate an investigation of, nor seek the seizure of, the

defendant's pension that he receives from the MRCC and his International Business Agent's Pension,

as a result of any of the conduct reflected in the attached worksheets or in anyway connected to the

Biloxi casino project, and that the monies used for payment of expenses as set forth above in

Paragraph 1.C. did not come from the Carpenters Pension Trust Fund or the MRCC.

**12.    ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on March 21, 2011.  The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
*United States Attorney*


KATHRYN MCCARTHY                                      DAVID A. GARDEY
*Assistant United States Attorney*                        *Assistant United States Attorney*
*Chief, Special Prosecutions Unit*

Date:  5 - 13 - 11

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms.  He also acknowledges that he is satisfied with his attorney's advice and representation.  Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


ARTHUR JAY WEISS                                      WALTER RALPH MABRY
*Attorney for Defendant*                                  *Defendant*

Date:  5/16 /11

- 9 -

# WORKSHEET A  (Offense Levels)

Defendant:  __Walter Ralph Mabry__          Count(s):  ___Count 1___

Docket No.:  ___11-CR-20293___          Statute(s) __18 USC § 1954__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.     BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2E5.1(a)(2) | Accepting a gratuity affecting an ERISA plan | 6 |
| 2E5.1(b)(1) | Defendant was a fiduciary of the ERISA plan | +2 |
| 2E5.1(b)(2) | Value of the prohibited payment–more than $200,000 | +12 |
| 5H1.1 & 5H1.4 | Physical condition and age of the defendant | -4 |
| | | |

**2.     ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

**3.     ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**16**

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*          **X**

*If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

   - assign 1 unit to the Group with the highest offense level,
   - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
   - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
   - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1.  **GROUP ONE:** COUNTS _____
    ADJUSTED OFFENSE LEVEL                                   | unit |

2.  **GROUP TWO:** COUNTS _____
    ADJUSTED OFFENSE LEVEL                                   | unit |

3.  **GROUP THREE:** COUNTS _____
    ADJUSTED OFFENSE LEVEL                                   | unit |

4.  **GROUP FOUR:** COUNTS _____
    ADJUSTED OFFENSE LEVEL                                   | unit |

5.  **TOTAL UNITS**                                          | units |

6.  **INCREASE IN OFFENSE LEVEL**

    | 1 unit ➔ no increase | 2½-3 units ➔ add 3 levels |
    | 1½ units ➔ add 1 level | 3½ -5 units ➔ add 4 levels |
    | 2 units ➔ add 2 levels | >5 levels ➔ add 5 levels |

7.  **ADJUSTED OFFENSE LEVEL OF GROUP
    WITH THE HIGHEST OFFENSE LEVEL**

8.  **COMBINED ADJUSTED OFFENSE LEVEL**

    Enter the sum of the offense levels entered in Items 6 and 7.

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):      April 2006

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months   (U.S.S.G. §§ 4A1.1(a)):      3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days   (U.S.S.G. §§ 4A1.1(b)):      2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences   (U.S.S.G. §§ 4A1.1(c)):      1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| Sept. 2006 | _____ | Taft-Hartley violation | 24 months | _____ | 3 |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |

*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

**   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

**2.** **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE** (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

_____ ☐

**3.** **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT** (U.S.S.G. § 4A1.1(e))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

_____ ☐

**4.** **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE** (U.S.S.G. § 4A1.1(f))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

_____ ☐

_____

**5.** **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.   | 3 |

**6.** **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |


II

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.**   **(COMBINED) ADJUSTED OFFENSE LEVEL**

| 16 |

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.**   **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

| -3 |

**3.**   **TOTAL OFFENSE LEVEL**

| 13 |

Enter the difference between Items 1 and 2.

**4.**   **CRIMINAL HISTORY CATEGORY**

| II |

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.**   **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.**   **GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

| 15-21 months |

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7.**   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

| months |

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (See U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

_____

_____

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION  (U.S.S.G. ch. 5, pt. B)**

    a.   <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[X]   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]   3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.   <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]   2.   No more than 3 years (total offense level < 6).

    c.   <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

      The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]   a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**4.** **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐  1.  At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐  2.  At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☒  3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐  4.  The statute of conviction requires a minimum term of supervised release of _____ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.** **RESTITUTION** (U.S.S.G. § 5E1.1)

☒  1.  The court will determine whether restitution should be ordered and in what amount.

☐  2.  Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

☐  3.  The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

☐  4.  The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐  5.  Restitution is not applicable.

**6.**   **FINE**  (U.S.S.G. § 5E1.2)

a.  Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $   $3,000 | $   $30,000 |

**7.**   **SPECIAL ASSESSMENT(S)**  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
$  25.00 for every count charging a Class A misdemeanor,
$  10.00 for every count charging a Class B misdemeanor, and
$    5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of  $    $100         .

**8.**   **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

**9.**   **UPWARD OR DOWNWARD DEPARTURE**  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.   See above

_____

_____

(rev. 06/99)

# WORScripts... WORKSHEET A   (Offense Levels)–Defense Version

Defendant:     __Walter Ralph Mabry__     Count(s):   __Count 1__

Docket No.:     __11-CR-20293__     Statute(s)   __18 USC § 1954__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2E5.1(a)(2) | Accepting a gratuity affecting an ERISA plan | 6 |
| 2E5.1(b)(1) | Defendant was a fiduciary of the ERISA plan | +2 |
| 2E5.1(b)(2) | Value of the prohibited payment–more than $5,000 and less $10,000 | +2 |
| 5H1.1 & 5H1.4 | Physical condition and age of the defendant | -4 |
| | | |

## 2.    ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

| 6 |
|---|

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*     | X |

*If the defendant has no criminal history, check this box and skip Worksheet C.*     | |

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

**Instructions**  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1.   **GROUP ONE:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                           [ ]   [ unit ]

2.   **GROUP TWO:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                           [ ]   [ unit ]

3.   **GROUP THREE:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                           [ ]   [ unit ]

4.   **GROUP FOUR:** COUNTS _____
     ADJUSTED OFFENSE LEVEL                                           [ ]   [ unit ]

5.   **TOTAL UNITS**                                                  [ units ]

6.   **INCREASE IN OFFENSE LEVEL**

     | | |
     |---|---|
     | 1 unit ➔ no increase | 2½-3 units ➔ add 3 levels |
     | 1½ units ➔ add 1 level | 3½ -5 units ➔ add 4 levels |
     | 2 units ➔ add 2 levels | >5 levels ➔ add 5 levels |

                                                                      [ ]

7.   **ADJUSTED OFFENSE LEVEL OF GROUP**
     **WITH THE HIGHEST OFFENSE LEVEL**                               [ ]

8.   **COMBINED ADJUSTED OFFENSE LEVEL**                              [ ]

     Enter the sum of the offense levels entered in Items 6 and 7.

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):    __April 2006_____

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):        3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):        2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):        1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| Sept. 2006 | _____ | Taft-Hartley violation | 24 months | _____ | 3 |
| _____ | _____ | _____ | _____ | _____ |  |
| _____ | _____ | _____ | _____ | _____ |  |

*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

**   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

**(WORKSHEET C,  p. 2)**

**COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE  (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

_____

**3.   COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence.  However enter, only 1 point for this item if 2 points were added under Item 2.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).)  List the date of release and identify the sentence from which it resulted.

_____

**4.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

_____

_____

**5.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

| 3 |
|---|

**6.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

| II |
|---|

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.**   **(COMBINED) ADJUSTED OFFENSE LEVEL**

| | 6 |

Enter the adjusted offense level entered in Item 3 of  Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.**   **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

| | -2 |

**3.**   **TOTAL OFFENSE LEVEL**

| | 4 |

Enter the difference between Items 1 and 2.

**4.**   **CRIMINAL HISTORY CATEGORY**

| | II |

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.**   **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

    a.   <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    b.   <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.**   **GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

| | 0-6 months |

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7.**   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

| | months |

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

_____

_____

(rev. 06/99)

## WORKSHEET E   (Authorized Guideline Sentences)

**1.     PROBATION  (U.S.S.G. ch. 5, pt. B)**

  a.  <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[X]   1.  Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]   3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

  b.  <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]   1.  At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]   2.  No more than 3 years (total offense level < 6).

  c.  <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

  The court must impose certain conditions of probation and may impose other conditions of probation.

**2.     SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]   a.  A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]   b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.     IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

  A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E,  p. 2)**

4.   **SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

　　　a.   Imposition of a Term of Supervised Release  (U.S.S.G. § 5D1.1)

　　　　　The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

　　　b.   Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

☐　1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐　2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☒　3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐　4.   The statute of conviction requires a minimum term of supervised release of _____ months.

　　　c.   Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

　　　　　The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION (U.S.S.G. § 5E1.1)**

☒　1.   The court will determine whether restitution should be ordered and in what amount.

☐　2.   Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

☐　3.   The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

☐　4.   The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐　5.   Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

6.    **FINE**  (U.S.S.G. § 5E1.2)

    a.  Fines for Individual Defendants

        The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

|  | **Minimum Fine** | **Maximum Fine** |
|---|---|---|
|  | $   $250 | $   $5,000 |

7.    **SPECIAL ASSESSMENT(S)**  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

        $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
        $  25.00 for every count charging a Class A misdemeanor,
        $  10.00 for every count charging a Class B misdemeanor, and
        $    5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of  $   $100   .

8.    **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

    List any additional applicable guideline, policy statement, or statute.

    _____

9.    **UPWARD OR DOWNWARD DEPARTURE**  (U.S.S.G. ch. 5, pts. H & K)

    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.   See above _____

    _____

    _____

(rev. 06/99)